41 F.3d 1521
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Dennis B. STEIN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3229.
 United States Court of Appeals, Federal Circuit.
 Nov. 22, 1994.
 
 Before MAYER, MICHEL, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Dennis B. Stein petitions for review of the order of the Merit Systems Protection Board (Board) denying his petition for attorney fees incurred in connection with a petition for enforcement of an initial decision of an administrative judge. The Board denied the petition because it concluded that Stein had failed to demonstrate that relief ultimately granted to him by the Board was causally related to the petition for enforcement. We affirm.
 
 DISCUSSION
 
 2
 Following his removal by the United States Postal Service (Postal Service or agency) for five alleged offenses, Stein appealed to the Board. In an initial decision dated September 19, 1991, an administrative judge sustained one of the charges and mitigated the penalty imposed upon Stein to demotion to the next lowest, full-time, nonsupervisory position for which Stein was qualified and which was vacant. In due course, the Postal Service assigned Stein to the position of letter carrier. Dissatisfied with that assignment, Stein filed a petition for enforcement in which he asked the Board to direct the agency to comply with the September 19, 1991 initial decision. In an initial decision dated February 4, 1992, the administrative judge determined that the Postal Service had complied with the decision, because no nonsupervisory full-time positions above that of letter carrier were available. Accordingly, he denied Stein's petition for enforcement. Stein petitioned the Board for review.
 
 
 3
 At the same time he was pursuing enforcement remedies, Stein filed a petition with the Board for review of the September 19, 1991 initial decision. In a final decision dated May 7, 1993, the Board agreed with the administrative judge's decision concerning the charges against Stein, but further mitigated the penalty imposed to a 60-day suspension. At the same time, the Board dismissed as moot Stein's pending petition for review of the administrative judge's February 4, 1992 enforcement decision, on the ground that the final penalty imposed by the Board was more favorable to Stein than the penalty that Stein had requested be enforced in his enforcement petition.
 
 
 4
 Stein thereafter filed a petition for attorney fees and expenses incurred in connection with the enforcement petition. The Board denied the petition in an order dated January 24, 1994, stating:
 
 
 5
 The Board's decision on the adverse action appeal was not in any way dependent on the first petition for enforcement, because nothing in that petition was relevant to the adverse action issues on which the appellant prevailed. Because he has failed to show here that the relief he obtained was attributable to the filing of his ... petition for enforcement, he is not a prevailing party and is not entitled to an award of fees and costs regarding that petition. (footnotes omitted).
 
 
 6
 A petitioner in a Board action may recover reasonable attorney fees if he is the prevailing party and if the Board determines that payment of those fees by the agency is warranted in the interest of justice. 5 U.S.C. Sec. 7701(g)(1) (1988). The test for determining whether Stein was the prevailing party relative to his enforcement petition is whether "he obtained all or a significant part of the relief he sought from the MSPB, and ... [whether] that relief was causally related to the initiation of the proceeding before the MSPB." Cuthbertson v. Merit Sys. Protection Board, 784 F.2d 370, 372 (Fed.Cir.1986).
 
 
 7
 The Board did not err in denying Stein's petition for attorney fees. The relief Stein obtained from the Board (mitigation of the demotion penalty) was the result of his petition for review of the administrative judge's September 19, 1991 initial decision. It was not the result of his enforcement petition. Stated differently, the relief granted by the Board would have been the same had Stein never filed the enforcement petition. Stein was not a prevailing party within the meaning of Sec. 7701(g)(1), because he failed to demonstrate a causal connection between the enforcement petition and the mitigation of his penalty.